## St. Alfred's Temple of Pittsburgh *v.* Colburn, Appellant.

Argued October 13, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Herbert B. Lebovitz,* with him *Lebovitz & Lebovitz,* for appellants.

*W. G. Freeland,* with him *Richard F. Jones,* and *Jones, Smith & Freeland,* for appellee.

OPINION PER CURIAM, January 5, 1965:

The question in this case is whether the appellants, James Colburn, Joe Holston and Marcel Green, Administrator of the Estate of Alex Green, deceased, are entitled to the proceeds of a fire insurance policy payable as the result of the destruction of a church property allegedly owned by the appellants. The appellants base their claim on the proposition that they made the down payment on the purchase of the property, that they executed a purchase money mortgage for the unpaid principal balance, and obtained a deed in their names.

The appellee, St. Alfred's Temple of Pittsburgh, on the other hand, claims the fund on the basis of a resulting or constructive trust since the money for the purchase of the property and for the mortgage payments came from the congregation. The appellants resist this interpretation of the facts, urging that the St. Alfred's Temple was not incorporated until a time subsequent to the purchase of the property.

The chancellor found that the religious organization, though then unincorporated, did exist at the time of the purchase, that it was with its money that the mortgage was paid, and that there had been the customary and traditional mortgage burning when the in-

debtedness was wiped out. This was evidenced by photographs.

The chancellor concluded, on the strength of evidence presented before him, that the congregation was the true and rightful owner of the property and that, therefore, the insurance proceeds were payable to it. These findings of fact are amply supported by the record and they also uphold the conclusion that there was a resulting trust in favor of the congregation, entitling it to the insurance fund of $8,850, less poundage, now held in escrow by the prothonotary of the Court of Common Pleas of Allegheny County, the money to be used by the appellee in furtherance of its church work.

We do not pass upon the chancellor's and the court en banc's determination of appellants as "trustees ex maleficio," it being sufficient to affirm that the record substantiates that they held the property upon a resulting trust in favor of the appellee congregation.

Decree affirmed; each party to bear own costs.